[No. 11056. Department One. — August 25, 1886.]

## J. F. HICKEN, RESPONDENT, *v.* JAMES FRENCH, APPELLANT.

SCHOOL LANDS — ACT OF APRIL 26, 1858 — EXCESSIVE SALE — CERTIFICATE OF PURCHASE. — Under the act of April 26, 1858, except in certain cases specified therein, a sale of school lands to one person containing more than 160 acres is void, and a certificate of purchase therefor issued by the sheriff conveys no title.

APPEAL from a judgment of the Superior Court of Placer County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Jo Hamilton,* for Appellant.

*L .S. Taylor,* and *W. C. Norton,* for Respondent.

MYRICK, J.—A contest arose in the office of the surveyor-general of this state between plaintiff and defendant as to their respective right to certain school lands, and the surveyor-general made an order referring the contest to the Superior Court of the proper county. In pursuance of that order, this action was brought.

It appears from the findings that in 1860, under section 9 of the act of April 26, 1858 (Stats. 1858, p. 318), a certificate of sale was issued by the sheriff to one Higgins for 320 acres, as purchased by him.

It also appeared that for the year 1876–77 the land was assessed for state and county taxes, which taxes being unpaid, the land was sold therefor to the defendant, French. This sale and the tax deed executed thereon constitute the only right or title of defendant. The court found that Higgins never paid the state anything for the land, and that the state never enforced any lien for the purchase-money; that the defendant, French, was never an actual settler on the land, and that the same had been open and uninclosed and entirely unimproved until the entry of plaintiff in 1883.

The act above referred to declared (last clause of section 1) that lands should be sold in lots not less than 40 nor more than 160 acres, except in certain specified cases. The alleged purchase by Higgins was not within the exceptions. The sheriff had no authority to issue a certificate for the purchase by one person at one sale of a lot containing more than 160 acres. As the certificate was of a sale in one lot of more than that amount, the sale was void, and no title passed; and it follows that Higgins had no taxable interest, and French acquired no right or title by virtue of the tax sale.

Judgment and order affirmed.

McKinstry, J., and Ross, J., concurred.